```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
NY UNITED A-1 CONSTRUCTION, INC.,                             :
                                                              :   ORDER DISMISSING
                          Plaintiff,                          :   COMPLAINT FOR LACK
           -against-                                          :   OF JURISDICTION
                                                              :
J.P. MANAGEMENT, LLC, JP CLINTON                              :
MANAGEMENT, LLC, BERGEN REALTY                                :   22 Civ. 4583 (AKH)
PROPERTIES, LLC, J&D GENERAL KEARNY                           :
ASSOCIATES, LLC, 190 MAIN STREET                              :
ASSOCIATES, LLC, J&D 11 FAIRMOUNT                             :
AVENUE ASSOCIATES, LLC, JD PROSPECT                           :
WEST, LLC, 324 M.P. BROADWAY, LLC J&D                         :
46 ANDERSON ASSOCIATES, LLC, J&D 339                          :
BROADWAY, LLC,                                                :
                                                              :
                          Defendants.                         :
                                                              :
------------------------------------------------------------- X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff NY United A-1 Construction, Inc. filed this action on February 24, 2022, in the Supreme Court of the State of New York, Bronx County, against the Defendants listed in the caption of this order. Plaintiff is a contractor whose principal offices are in New York. Defendants are all New Jersey LLCs. Plaintiff's Complaint asserted claims related to an alleged breach of contract for cleaning and renovation services and maintenance work. Plaintiff alleges that Defendants have failed to pay Plaintiff invoiced amounts totalling $354,158.05 for cleaning and renovation services allegedly provided in New Jersey. Complaint, ECF No. 1-1 ¶ 50.

    On June 6, 2022, Defendants removed the case to this Court, ECF No. 1, and subsequently moved to dismiss the Complaint under Fed. R. Civ. P 12(b)(2) for lack of personal jurisdiction or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a) or, in the alternative, to partially dismiss the Complaint under Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief may be granted. ECF No. 7.

However, there is a more basic problem: the Complaint fails adequately to allege diversity jurisdiction and, therefore, subject matter jurisdiction does not exist. The deficiency calls for dismissal. Amending the complaint would be futile because personal jurisdiction over Defendants also does not exist. Due to this defect of personal jurisdiction, remand would also be futile because it would only prolong a case brought in the wrong jurisdiction. As such, dismissal is the only practical remedy. Accordingly, the Complaint is dismissed for absence of both subject matter and personal jurisdiction, without leave to amend.

**ANALYSIS**

**A. Subject Matter Jurisdiction**

Plaintiff is a New York Company whose principal offices are in New York. Complaint, ECF No. 1-1 ¶ 1. Defendants are New Jersey LLCs. The alleged jurisdictional basis is diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1). ECF No. 1 at *2.

Limited liability companies are deemed to be citizens of all the states in which their constituents are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."). Plaintiff has failed to identify the members of the Defendant-limited liability companies and allege their citizenship, and thus have failed to allege a proper basis of diversity jurisdiction. This alone is sufficient grounds for dismissal.

**B. Personal Jurisdiction**

In order to establish personal jurisdiction over the Defendants I would need to have jurisdiction under the New York long-arm statute, C.P.L.R 302, and exercising that

jurisdiction would need to be consistent with the requirements of the due process clause of the Fourteenth Amendment. I find that neither of those requirements are met.

First, there is no long-arm jurisdiction under C.P.L.R 302. C.P.L.R 302(a)(1) is not a basis of jurisdiction because Plaintiff has not transacted business in New York, nor contracted to supply goods or services in the state. C.P.L.R 302(a)(1) ("…a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent transacts any business within the state or contracts anywhere to supply goods or services in the state"). Plaintiff's argument that Defendants did transact business in New York by contacting Plaintiff in New York via phone, email, and facsimile fails because these communications with and payments to a New York resident do not rise to the level of the kind of purposeful activity that constitutes "transacting business." *See e.g. Hart v. Tri-State Consumer, Inc.*, No. 21-CV-1738 (VEC), 2021 WL 5180923, at *4 (S.D.N.Y. Nov. 6, 2021). This is because Defendants have no physical presence in New York, and their only contact with the forum were communications with, and payments to, a New York Resident. Merely engaging in communications and making payments to the forum is an insufficient basis for establishing personal jurisdiction over the Defendants, particularly when the communications and payments had no relation to a transaction whose center of gravity was inside New York. *See e.g. Hart v. Tri-State Consumer, Inc.*, No. 21-CV-1738 (VEC), 2021 WL 5180923, at *4 (S.D.N.Y. Nov. 6, 2021); *Roper Starch Worldwide, Inc. v. Reymer & Assocs.*, Inc., 2 F. Supp. 2d 470, 475 (S.D.N.Y. 1998); *Three Five Compounds, Inc. v. Scram Techs., Inc.* No. 11-CV-1616, 2011 WL 5838697, at *4 (S.D.N.Y. Nov. 21, 2011); *Liberatore v. Calvina*, 293 A.D.2d 217, 220 (1st Dep't 2001).

In addition, there is also no long-arm jurisdiction under C.P.L.R 302(a)(2) or C.P.L.R 302(a)(3). C.P.L.R. 302(a)(2) does not confer jurisdiction because there is no allegation that Defendants "committed a tortious act within the state." There is similarly no long-arm jurisdiction under C.P.L.R 302(a)(3) because Defendants' activities in the state do not rise to the level of regular solicitation of business, there is no allegation that Defendants derive substantial revenue for goods or services rendered in New York, and the situs-of-injury was not in New York. *See generally Cooperstein v. Pan-Oceanic Marine, Inc.,* 124 A.D.2d 632, 633, 507 N.Y.S.2d 893 (1986). *See also Magwitch, L.L.C. v. Pusser's Inc.,* 84 A.D.3d 529, 923 N.Y.S.2d 455 (2011) ("determination of whether tortious act committed outside state causes injury within state is governed by situs-of-injury test, requiring determination of location of original event that caused injury.").

Second, *arguendo,* even if there were long-arm jurisdiction, exercising that jurisdiction in this case would not be permitted under the due process clause of the Fourteenth Amendment because asserting jurisdiction would be inconsistent with fair play and substantial justice. *Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 113 (1987) ("The strictures of the Due Process Clause forbid a state court to exercise personal jurisdiction over Asahi under circumstances that would offend "'traditional notions of fair play and substantial justice…). Defendants all are New Jersey entities, and Plaintiff can obtain full relief in the courts of New Jersey. New Jersey is where the transactions giving rise to plaintiff's claim occurred. *Id.* (Instructing courts to "consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief" when undertaking an examination of whether exercising personal jurisdiction would be consistent with the Due Process Clause).

The discovery that plaintiff seeks would not change the picture. *See Leon v. Shmukler*, 992 F.Supp.2d 179, 194 (E.D.N.Y. 2014).

## CONCLUSION

The Complaint is dismissed for lack of subject matter jurisdiction and personal jurisdiction, without leave to replead in this court.

The Clerk shall terminate all open motions, tax costs, and close the case.

SO ORDERED.

Dated:  April 12, 2023                /s/ Alvin K. Hellerstein
        New York, New York         ALVIN K. HELLERSTEIN
                                       United States District Judge